**UNITED STATES of America,**
**Appellee,**

v.

**Donovan SMITH, Defendant–Appellant.**

No. 04–0775–cr.

United States Court of Appeals,
Second Circuit.

Sept. 29, 2006.

George R. Baird, Assistant Federal Public Defender, (Molly Corbett, on the brief), Albany, NY, for Defendant–Appellant.

Brenda K. Sannes, Assistant United States Attorney, (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief, Richard S. Hartunian, Assistant United States Attorney, of counsel), Syracuse, NY, for Appellee.

PRESENT: Hon. WALKER, Chief Judge, Hon. PIERRE N. LEVAL and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Smith appeals the judgment of conviction and sentence, entered August 18, 2005, after a remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), of 121 months imprisonment and five years supervised release after being convicted by a jury of possession of cocaine base with intent to distribute (Thomas J. McAvoy, *Judge* ). On appeal, defendant contends that 1) the indictment was constructively amended at trial; and 2) the district court failed to reconsider his sentence after remand. We assume familiarity with the facts and procedural history of this case.

■ Defendant apparently contends that the indictment was constructively amended at trial because the government introduced evidence of the amount of drugs defendant possessed in order to prove a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base. Defendant is incorrect. While defendant was not charged with a crime that required the government to prove possession of a certain amount of drugs, the government was entitled, in order to prove intent to distribute, to show that defendant possessed an amount of drugs that was inconsistent with personal use. There was no constructive amendment of the indict-

ment. See *United States v. Milstein*, 401 F.3d 53, 65 (2d Cir.2005).

Defendant's challenge to his period of incarceration is also without merit. No one brought the district court's apparently inadvertent invocation of 18 U.S.C. § 3553(e) to its attention; we take that citation to be a typographical error. Consistent with the parties' submissions, which fully informed the district court of the relevant 18 U.S.C. § 3553(a) factors, we read the judgment on remand-that re-sentencing as to the term of incarceration was not required-as reflecting the district court's awareness of its discretion to depart from the guidelines. See *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005).

■ Finally, although the district court did not make clear at re-sentencing that it had reconsidered the five-year term of supervised release, originally imposed on the belief that it was mandatory, *compare* 21 U.S.C. § 841(b)(1)(A) (mandatory five-year term) *with* 21 U.S.C. § 841(b)(1)(C) (mandatory three-year term), counsel below did not ask it to do so. Thus, we review for plain error. Fed.R.Crim.P. 52(b); *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Under 21 U.S.C. § 841(b)(1)(C), a district court may impose a term of supervised release of up to life. There was no error, much less plain error, in the district court's adherence, upon a *Crosby* remand, to a five-year supervised release term.

For the reasons set forth above, the judgment of the District Court for the Northern District of New York is hereby **AFFIRMED.**